JONES v. PETTY et al.
(Court of Civil Appeals of Texas. Galveston. March 16, 1912.)

1. BOUNDARIES (§ 37*)—ASCERTAINMENT—EVIDENCE—SUFFICIENCY.

In trespass to try title, evidence *held* sufficient to warrant a finding that the figure "8" in one call of plaintiff's survey was by mistake inserted, instead of the figure "5."

[Ed. Note.—For other cases, see Boundaries, Cent. Dig. §§ 184–194; Dec. Dig. § 37.*]

2. PUBLIC LANDS (§ 176*) — BOUNDARIES — PATENTS—ASCERTAINMENT—SURVEY.

Where one having a junior survey accepted a patent according to corrected field notes, he cannot claim any land included in the original survey, but excluded from the corrected survey and patent.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 571–575; Dec. Dig. § 176.*]

Appeal from District Court, Anderson County; B. H. Gardner, Judge.

Trespass to try title by Robert Jones against W. R. Petty and others. From a judgment for defendants, plaintiff appeals. Affirmed.

Gregg & Brown, of Palestine, for appellant. W. R. Petty and T. B. Greenwood, both of Palestine, for appellees.

REESE, J. This suit, as originally instituted, is an action in trespass to try title by Robert Jones against W. R. Petty and others to recover a small tract of land, which is claimed by plaintiff to be a part of the Brown survey. The Brown survey, which is owned by plaintiff, adjoins the Hanks

survey, which is owned by defendants, who claim that the land sued for is a part of that survey. The only contest was as to the location of the west line of the Hanks survey, which is the division line between the two surveys, and by agreement of the parties this was the sole issue upon which the case was tried. The case was tried without a jury and resulted in a judgment for defendants, from which plaintiff appeals.

The Hanks 320-acre survey was patented on April 27, 1855, to George Hanks, assignee of C. T. McKenzie. In the field notes the west line, the one in controversy, calls to begin in the north line of the Tuggle survey, 1,432.6 varas west from its northeast corner, indentified by bearing trees which are not now found, and to run thence north, 561 varas, to a stake on the south line of the Fulton (or Huey) from which a hickory bears S. 70° W., 7 varas, and another N. 80° W., 3.7 varas, both marked x. From this point, according to the field notes, it is S. 85° E., 245 varas, to Fulton's southeast corner.

[1] The Brown was first surveyed in 1852 for Dale, assignee of Brown. The field notes locate the east line of the Brown to begin at a point in the south line of the Fulton S. 85° E., 745 varas, from the northwest corner of the Brown, being the corner of the Hanks and marked by the same two hickory trees called for in the Hanks field notes, and to run thence south, 561.3 varas, to the north line of the Tuggle at a point from which the northwest corner of the Tuggle is west 157.3 varas. On September 17, 1897, there was a resurvey of the Brown, in which there were several changes made in the field notes. By the corrected field notes the east line of the Brown was placed 585 varas S. 85° E. from its northwest corner, instead of 745 varas in the original survey. The length of this line is 612.3 varas, instead of 561.3 varas, in the original survey, and its southern end in the north line of the Tuggle is placed 109 varas from the northwest corner of the Tuggle, instead of 157.3 varas in the original, survey. Patent was issued in 1898 on these corrected field notes.

From the conclusions of fact of the trial court we adopt the following findings as authorized by the evidence:

"I find that there are two marked lines upon the ground for the west boundary line of the George Hanks survey, one beginning at a corner S. 85° E. 655 varas from the northwest corner of the W. C. Brown survey and running thence to the north line of the C. S. Garrett or Tuggle north boundary line, and intersecting same 109 varas from the Garrett northwest corner and the other beginning at a corner S. 85° E. 745 varas. from the northwest corner of the W. C. Brown survey, and running thence south to the north boundary line of the C. S. Garrett or G. W. Tuggle survey. I find that at the point 655 varas from the Brown northwest corner there stands a hickory at the course and distance given in the Hanks patent for a hickory bearing tree, if the course be stated from the corner to tree, instead of from tree to corner. I also find that there is a depression in the ground at the course and distance from the point S. 85° E. 655 varas from the northwest corner of the Brown survey, where another tree is called for in the original Hanks field notes. I find that at the point 745 varas from the Brown northwest corner there stands a hickory at the course and distance given in the Hanks patent for a hickory bearing tree. I find that both lines are old marked lines, and that the parties claiming under the Hanks survey have claimed to the most westerly line for more than 30 years. * * * I find that the call for distance of the north line of the Brown survey in the field notes as 685 varas is evidently a clerical error for 655 varas due to the similarity of the figures '5' and '8,' and that the purpose of the correction of the field notes of the Brown survey, on which the patent was procured, under which plaintiff claims, was to adopt the western of the boundary lines in dispute as the true boundary of the Hanks survey." It is a reasonable conclusion from the change in the location of the line between the Brown and Hanks made by the corrected field notes that it was recognized that the original survey of the Brown, which was a junior survey, conflicted with the Hanks, and that it was also recognized that the west line of the Hanks was 109 varas east from the northwest corner of the Tuggle, and less than 750 varas east of the northwest corner of the Brown. The court found that one of the hickory trees called for, both in the original survey of the Brown and the field notes of the Hanks, is now standing at the proper distance from the corner claimed by appellees, and at the proper course, taking course from tree to corner, instead of from corner to tree (which is not infrequent in old surveys), and in the same way at the proper course and distance is a depression in the ground showing where another tree stood. It was also found that this line was an old marked line, and had been claimed by appellees to be the line for more than 30 years. It was then so marked and claimed at the time of the resurvey of the Brown and the making of the corrected field notes on which the patent was issued. As the bearing trees were found 655 varas from the Brown northwest corner, instead of 685 varas as stated in the field notes, it is a reasonable conclusion, as found by the court, that the figure "8" is a clerical error, and was intended for "5."

[2] Having accepted the patent according to the corrected field notes, the original grantee and those claiming under him cannot now maintain any claim to the land included in the original survey, and excluded from the corrected survey and the patent, and espe-

cially would this be true if the second survey was made in recognition of the claim of appellees as to the true location of the west line of the Hanks.

We have examined each of the assignments of error and propositions thereunder, and have concluded that none of them presents grounds for reversal of the judgment. We think the judgment is amply supported by the evidence, and should not be disturbed. The judgment is therefore affirmed.

Affirmed.